**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| CHARLOTTE YVONNE KESTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2031-CM |
| ) | |
| STATE OF KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiffs, who appear pro se, bring the following action pursuant to 42 U.S.C. § 1983. Plaintiffs, Charlotte Yvonne Kester and her two dependent children, have sued the State of Kansas, Kathleen L. Sloan, Jerry Sharbutt, and Joyce Harding, all employees of the Johnson County District Court in the Court Trustees office (hereinafter State Defendants). Plaintiffs also bring suit against Ruth Landau, whom plaintiffs allege is an attorney for the Johnson County District Court Trustee, and Thomas Raithel, whom plaintiffs allege is a private attorney hired by plaintiff Charlotte Yvonne Kester to litigate child custody and inheritance issues. Finally, plaintiffs are suing three individuals: Plaintiff Charlotte Yvonne Kester spouse's ex-wife and two half sisters, whose whereabouts and circumstances are allegedly unknown to plaintiffs. This matter is before the court on defendant Landau's Motion to Dismiss (Doc. 8) and the State Defendants' Motion to Dismiss (Doc. 13).

## I.     Service of Process

Both defendant Landau and the State Defendants contend that they have not been properly served pursuant to Federal Rule of Civil Procedure 4(e), which states that service may be effected upon an individual:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the Defendant in an action brought in the courts of the general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling, house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4.

Kansas law provides that service may be obtained as follows:

> Upon an individual other than a minor or a disabled person, by serving the individual or by serving an agent authorized by appointment or by law to receive service of process, but if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given. Service by certified mail shall be addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address. If service by certified mail to the individual's dwelling house or usual place of abode is refused or unclaimed, the sheriff, party or party's attorney seeking service may complete service by certified mail, restricted delivery, by serving the individual at a business address after filing a return on service stating the certified mailing to the individual at such individual's dwelling house or usual place of abode has been refused or unclaimed and a business address is known for such individual.

Kan. Stat. Ann. § 60-304(a).

The court's file establishes appropriate and proper service of process on the individual state defendants and defendant Landau has not been effected. None of these defendants has been personally served pursuant to Rule 4(e)(2). Moreover, plaintiffs make no allegation or showing that they attempted to serve these defendants, via certified mail at their residences, as required by § 60-304(a), which would only then permit service at their business addresses.

The court at this juncture could either dismiss these defendants from this action on this basis or allow plaintiffs additional time in which to effectuate service of process. Fed. R. Civ. P. 4(m) (a district has discretion to grant a permissive extension of time in which to serve process); *see also Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). In the interest of judicial economy, the court will instead address the instant motions on the merits.

## II.     Standards

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to

support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

The court is mindful that plaintiffs in this case appear pro se. Accordingly, while the court should liberally construe a pro se plaintiff's complaint, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

### III.    Plaintiffs' Allegations

Plaintiffs' Complaint alleges the following:

> The Plaintiffs have been required to make payments since November of 1999 to the office of the district court trustee, State of Kansas, tenth judicial district.
>
> The plaintiffs have been subjected to terroristic threats, coercive and abusive collection techniques implemented and directed at them by the third, fourth, fifth, and sixth named Defendants [Jerry Sharbutt, Joyce Harding, Ruth Landau, and Thomas Raithel, respectively] above. The same named Defendants, employees of the DCT, have procured through deceit, confidential documents related to plaintiff's consanguinity. Additionally, they have attached liens and encumbrances on the residential property of the plaintiffs.

(Complaint ¶ 8).

> The plaintiffs have been denied information relating to the whereabouts and circumstances of their siblings by the named Defendants.

(Complaint ¶ 9).

The Complaint is sparse and, quite frankly, barely satisfies the liberal pleadings rules requiring a short and plain statement of the facts. However, as best the court can discern from plaintiffs' Response brief, plaintiff Charlotte Yvonne Kester entered into a marriage in Clay

-4-

-5-

County, Missouri in 1989.  Both plaintiff Charlotte Yvonne Kester and her spouse brought children and property from a previous marriage.  The two subsequently had additional children and accumulated additional property during their marriage.  In 1994, the two purchased property for residential purposes in Johnson County, Kansas, where they currently reside.  In 1996, by and through counsel, Thomas Raithel, plaintiff placed her residence in a living trust for the benefit of her children.

On July 22, 1992, and March 21, 1995, the Circuit Court of Clay County, Missouri modified plaintiff Charlotte Yvonne Kester spouse's divorce decree as it relates to custody of his daughters from his previous marriage.  Subsequently, the District Court of Johnson County registered the child support order pursuant to the Uniform Interstate Family Support Act (UIFSA) for prospective enforcement.  According to plaintiffs' Response brief, plaintiff Charlotte Yvonne Kester and her spouse filed for Chapter 7 bankruptcy in December 2002.  Plaintiff in her Response brief refers to defendant Landau, stating that "Ms. Ruth Landau (defendant #5 instant complaint), in filings before the Bankruptcy Unit of this court, has stated that a judgment lien was 'automatically created' pursuant to that registration, against the Plaintiff in this complaints' residence."  (Plaintiff's Response at 2).  Plaintiff also states that the child support order registered in Kansas is a jail order of indeterminate duration for weekends only "as punishment for other than current support payments received by Trustee Kathleen Sloan (defendant #2 instant complaint)."  (*Id.*)

In August 2004, plaintiff Charlotte Yvonne Kester and her spouse petitioned the bankruptcy court for dismissal from the still pending liquidation.  Thereafter, defendant Landau

joined with the bankruptcy trustee on objecting to the motion to dismiss. Plaintiff claims that the "rationale appears to be the confiscation of these Plaintiffs' residence and/or imprisonment of their spouse/father." (*Id.* at 4). Plaintiff Charlotte Yvonne Kester contends that, in her Complaint, she is attempting to assert her constitutional right of family integrity and her right of privacy.

**IV.    Discussion**

    **A.    Statute of Limitations**

The applicable statute of limitations in Kansas for § 1983 claims of this type is two years. Kan. Stat. Ann. § 60-513(a)(4); *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1300-01 (10th Cir. 1991). Plaintiffs' Complaint makes allegations dating back to 1999. As such, with respect to any allegations of conduct occurring two years prior to the filing of this lawsuit, those allegations are dismissed from this action.

    **B.    Failure to State a Claim**

The court turns to whether plaintiffs have sufficiently stated a cause of action under § 1983. The requirements for establishing a cause of action under 42 U.S.C. § 1983 are as follows:

> [A] plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L.Ed.2d 572 (1980; *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988). The Tenth Circuit has stated that section 1983 imposes liability for violations of rights protected by the constitution or laws of the United States, not for violations of duties of care arising out of tort law. Remedies for the latter type of injury must be sought in the state court under the traditional tort-law principles. *Archuleta v. McShan,* 897 F.2d 495, 496-97 (10th Cir. 1990) (quoting *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir. 1981)).

-6-

*Scothorn v. State of Kan.,* 772 F. Supp. 556, 560 (D. Kan. 1991).

Plaintiffs have not identified specific constitutional rights that have been violated. In their Complaint at paragraph 2, they provide a laundry list of constitutional rights, stating:

> "The action also seeks interpretation of the actions of individual defendants as non-compliant with the Uniform Interstate Family Support Act, which defendants have cited for their justification for deprivation of plaintiffs [sic] constitutional guarantees; to petition the government for redress of grievances, be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, against the infliction upon the plaintiffs of involuntary solitude, denial of due process, the taking of private property, and equal protection under the law.

(Complaint ¶ 2). However, plaintiffs utterly fail to allege how any of these rights were violated or which of the defendants violated these rights. Moreover, plaintiffs cite to UIFSA in the same paragraph, but the UIFSA act is a state statute, *see* Kan. Stat. Ann. § 23-9,101 *et seq.*, and § 1983 does not create a cause of action for violation of state law. *Baker v. McCollan*, 443 U.S. 137 (1979).

Plaintiffs' Complaint in paragraph eight sets forth another list, this one of general grievances they allege against some of the defendants. However, verbal harassment or abuse is insufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979).

In their Response brief, plaintiff Charlotte Yvonne Kester states that she is attempting to assert her constitutional right of family integrity. Foremost, this was not pled in plaintiffs' Complaint. Moreover, even construing the facts alleged in plaintiffs' Complaint as true, and even considering that plaintiffs appear pro se, the court finds that plaintiffs have failed to state a claim for

-7-

violation of their family integrity, which requires "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association." *Trujillo v. Bd. of County Comm'rs*, 768 F.2d 1190 (10th Cir. 1985).

Finally, in their Response brief, plaintiff Charlotte Yvonne Kester states that she is attempting to enforce her right to privacy with respect to certain trust documents. Again, however, any violation of this constitutional right was not pled in plaintiffs' Complaint. Even construing the facts alleged in plaintiffs' Complaint as true, and even considering plaintiffs appear pro se, the court finds that plaintiffs have failed to state a claim for violation of plaintiffs' right to privacy.

Defendants also contend that plaintiffs' suit against the State of Kansas is barred by the 11th Amendment, the individual State Defendants are entitled to absolute judicial immunity, the individual state defendants are entitled to qualified immunity; the *Younger* abstention doctrine bars this case, the domestic relations exception bars this case, and the *Rooker-Feldman* doctrine bars this case. Because the court determines that plaintiffs have failed to state a claim for relief, the court need not address defendants' remaining arguments.

As a final note, the court recognizes *sua sponte* that plaintiffs also have sued a private practice attorney (defendant #6), plaintiff Charlotte Yvonne Kester's spouse's ex-wife (defendant #7), and plaintiff Charlotte Yvonne Kester's children's two half-sisters (defendants #8 and #9). There is no allegation in plaintiffs' Complaint that any of these individuals acted under color of state law. Such is a requirement under § 1983. *Scothorn,* 772 F. Supp. at 560. Accordingly, these are not proper defendants in this case, and plaintiffs' claims against them are dismissed.

**IT IS THEREFORE ORDERED** that defendant Landau's Motion to Dismiss (Doc. 8) and the State Defendants' Motion to Dismiss (Doc. 13) are granted.  This case is hereby dismissed in its entirety.

Dated this   9   day of June 2005, at Kansas City, Kansas.


                             **s/ Carlos Murguia**
                             **CARLOS MURGUIA**
                             **United States District Judge**